**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6717

DAVID LEE MILLBROOKS,

        Plaintiff - Appellant,

      v.

ANNA BARNETT, Greenville County Sheriff Officer; MORGAN SHANKLE, Court-Appointed Lawyer; JONATHAN GARRETT, Investigator, Greenville County Sheriff Department; SCOTTY BODIFORD, Administrator for Greenville County Detention Center,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Jacquelyn Denise Austin, District Judge.  (6:24-cv-04864-JDA)

Submitted:  October 16, 2025                Decided:  October 21, 2025

Before KING, AGEE, and RICHARDSON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David Lee Millbrooks, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Millbrooks seeks to appeal the district court's order accepting the magistrate judge's recommendation and dismissing Millbrooks's 42 U.S.C. § 1983 complaint without prejudice and without service of process. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on October 18, 2024, and the appeal period expired on November 18, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C). Millbrooks filed the notice of appeal on August 21, 2025.[1] Because Millbrooks failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny his motion for relief from the obligation to pay installment fees and his motion for assignment of counsel and dismiss the appeal.[2]

---

[1] For the purpose of this appeal, we assume that the date appearing on the envelope containing the notice of appeal is the earliest date Millbrooks could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Liberally construed, Millbrooks's notice of appeal included a motion for an extension or reopening of the appeal period. But Millbrooks did not explain why he might
(Continued)

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

be entitled to such relief, and, in any event, he filed this motion outside the 30-day excusable neglect period, Fed. R. App. P. 4(a)(5)(A)(i), and the 180-day reopening period, Fed. R. App. P. 4(a)(6)(B).